# Exhibit A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court
Superior Court |
|---|---|---|
| | | COUNTY Norfolk Superior Court (Dedham) |

| Plaintiff | Melissa O'Neal | Defendant: | Eversource Energy, Inc. & |
|---|---|---|---|
| ADDRESS | Boston, MA | ADDRESS | One NSTAR Way, Westwood, MA |
| | | | Utility Workers of America, Local 369 |
| | | | 120 Bay State Road, Braintree, MA |
| Plaintiff Attorney: | Suzanne L. Herold | Defendant Attorney: | |
| ADDRESS | Herold Law Group, P.C. | ADDRESS | |
| 50 Terminal Street, Bldg 2, Ste 716 | | | |
| Charlestown, MA 02129 | | | |
| BBO | | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?    ☐ YES  ☐ NO       Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☐ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date                              $50,000.00
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)
Emotional distress -- amount to be determined

TOTAL (A-F):  $50,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X _____    Date: _____

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X  /s/ Suzanne L. Herold                Date:  03/06/2025

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - MRCP 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
ACCURATELY, THE CASE MAY BE DISMISSED.**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                   SUPERIOR COURT
                                                               CIVIL ACTION NO.:

|  |  |
|---|---|
| MELISSA O'NEAL<br>    Plaintiff<br>    v.<br><br>EVERSOURCE ENERGY, INC. &<br>UTILITY WORKERS UNION<br>OF AMERICA, LOCAL 369<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT AND JURY DEMAND**

### Parties

1. Plaintiff, Melissa O'Neal (hereinafter "Ms. O'Neal" or "Plaintiff"), is an individual with a residential in Boaton, Suffolk County, Massachusetts.

2. Defendant, Eversource Energy, Inc. (hereinafter Eversource") is a for profit corporation with a principal place of business located at One NSTAR Way, Westwood, Norfolk County, Massachusetts.

3. Defendant, Utility Workers Union of America, Local 369 ("Union") is a not-for-profit organization with a principal place of business located at 120 Bay State Drive, Braintree, Norfolk County, Massachusetts.

### Facts

4. Plaintiff began working for the Defendant Eversource in September 2007.

5. Throughout the course of her employment, Ms. O'Neal always performed the duties of her position in a competent and professional manner as is evidenced by her length of employment and promotions.

6. Ms. O'Neal suffers from Hypothyroidism, Chronic Fatigue Syndrome, and work-related stress among other conditions.

7. Her work-related stress has now been exascerbated into other conditions.

8. During all relevant times, Ms. O'Neal paid dues to the Union in exchange for membership and worker protections and rights negotiated between the Union and Eversource and codified in a Collective Bargaining Agreement ("CBA").

9. Ms. O'Neal began to request reasonable accommodations to help with her medical conditions and work-related stress in or about 2015-2016.

10. Ms. O'Neal continued to be ignored by Eversource whenever she mentioned the need for reasonable accommodations.

11. Ms. O'Neal went out of work on an approved FMLA on March 2, 2020.

12. Ms. O'Neal received a letter from Lincoln Financial, the leave administrator for Eversource on April 28, 2020, stating that her leave was denied because there was paperwork missing even though her doctor submitted all the paperwork requested.

13. On April 30, 2020, Ms. O'Neal received another letter from Lincoln Financial stating she was approved from March 2, 2020, to April 5, 2020.

14. On May 5, 2020, Ms. O'Neal received another letter from Lincoln Financial stating that her leave would end on May 22, 2020, since she had no more leave available.

15. On or about May 20, 2020, Ms. O'Neal notified Human Resources that she was due back to work on May 22, 2020, as requested in the letter from Lincoln Financial dated May 5, 2020.

16. Ms. O'Neal requested reasonable accommodations for her health issues and work-related stress.

17. Sandy L/N/U gave Ms. O'Neal a list of what she would need to be cleared to go back to work on May 20, 2022. Sandy told her that she needed a letter from her doctor stating her accommodation request and her date of return.

18. Ms. O'Neal's doctor sent a letter to Human Resources on May 29, 2022, with reasonable accommodations and a return date of June 15, 2020.

19. On June 11, 2020, Human Resources called Ms. O'Neal and told her not to come back to work. When she asked why, she was told that she would receive a letter stating the reasons that she could not return to work.

20. Ms. O'Neal never received a letter from Human Resources or anyone at Eversource.

21. Ms. O'Neal called Human Resources many times in June and July of 2020 hoping to get back to work but to no avail.

22. Ms. O'Neal got the Union involved sometime after the 4th of July, 2020.

23. Human Resources put Ms. O'Neal on an excused unpaid absence on or about the middle of July 2020 after the Union President spoke to Human Resources on her behalf.

24. Human Resources contacted Ms. O'Neal in August 2020, to tell her the person who she had been trying to reach, Diane H., was on vacation.

25. Ms. O'Neal never heard from Human Resources again once the Union was involved.

26. Ms. O'Neal contacted the Union again in January 2021 at which time she was told to get an updated doctor's letter about her reasonable accommodations and submit it to Human Resources.

27. Ms. O'Neal reviewed the reasonable accommodations letter that her doctor provided with the Union. The Union did not see anything in the doctor's letter that would keep her from returning to work.

28. On February 3, 2021, Ms. O'Neal's doctor faxed a letter to Human Resources.

29. Ms. O'Neal stayed in contact with the Union and was told that Human Resources never received her doctor's letter. Human Resources gave her a new number for her doctor to fax the letter and the letter was sent to Human Resources again.

30. Ms. O'Neal was working with the Union to get back to work but Human Resources failed to act until a termination letter was sent to her dated March 2, 2022, telling her she had until March 9, 2022, to report to work or else she would be considered having abandoned her position and employment.

31. Nothing was ever mentioned about her reasonable accommodations.

32. Ms. O'Neal was terminated on March 9, 2022, for job abandonment.

33. Ms. O'Neal again contacted the Union on March 10, 2022, for help and the Union told her to get a letter to return to work with no restrictions which she did under duress. She did not want to return to work without any accommodations but felt she had no chance to save her job.

34. The Union held a conference with Eversource, and it was determined to uphold the termination.

35. On April 1, 2022, the Union requested information from the Leave Administration Department of Eversource to be sent by April 22, 2022.

36. Ms. O'Neal reached out to the Union on June 15, 2022, at which time the Union told her that they did not have success with Arbitrations over issues like hers and decided not to proceed with her case.

37. Plaintiff has exhausted her administrative remedies with the Massachusetts Commission Against Discrimination.

## Causes of Action

(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

### FIRST CAUSE OF ACTION –DISABILITY DISCRIMINATION IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §1, et. seq.

38. This is a cause of action against both Defendant for disability discrimination in violation of Massachusetts General Laws Chapter 151B § 1, et. seq.

39. Plaintiff is a disabled individual.

40. The Defendants were aware that Plaintiff is a disabled individual.

41. Plaintiff requested a reasonable accommodation for her disability, which Defendants denied.

42. Defendants failed to engage in the interactive process with Plaintiff.

43. Defendants' conduct related to her disability also created a hostile work environment.

44. Defendants terminated Plaintiff due to her disability.

45. As a result of the Defendants' conduct, the Plaintiff has suffered damages.

### SECOND CAUSE OF ACTION – RETALIATION IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §1, et. seq.

46. This is a cause of action against both Defendants for retaliation.

47. The Plaintiff was subjected to retaliation, which had the purpose of creating a hostile and humiliating work environment, which interfered with the Plaintiff's ability to do her job or secure another job within his industry.

48. Due to Plaintiff's requests for accommodations to care for her disability Defendants terminated Plaintiff.

49. As a result of the Defendants' conduct, the Plaintiff has suffered damages.

## THIRD CAUSE OF ACTION – BREACH OF CONTRACT

1. This is a cause of action by the Plaintiff against the Union for breach of contract.

2. A binding and enforceable agreement, with consideration, existed between the Plaintiff and the Union in common law and through the CBA.

3. The Defendant has breached the contract by failing to adhere to the terms of the CBA and protect Plaintiff from discrimination, retaliation and / or otherwise wrongful termination.

4. The Defendat breached the ontract by failing to properly grieve Plaintiff's termination.

5. As a result. the Plaintiff has suffered monetary damages.

6.

*The Plaintiff demands a jury trial on all triable issues.*

WHEREFORE, the Plaintiff hereby requests that this Honorable Court grant the following relief:

1. Judgment against the Defendants, jointly or individually;

2. Attorney's fees. costs and expert witness fees;

3. Compensatory damages for emotional distress;

4. Punitive damages pursuant to MGL c. 151B, § 9;

5. Pre-Judgment and Post-Judgment Interest, and

6. Such other relief as the Court deems just and fair.

March 6, 2025,                                    The Plaintiff,
                                                  Melissa O'Neal

By her attorney,

*/s/ Suzanne L. Herold*

Suzanne L. Herold (BBO# 675808)
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
(617) 977-4015 (t)
(617) 855-9873 (f)